**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT D. JOHNSON, | ) | CASE NO. 1:20 CV 18 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| WARDEN, DOUGLAS FENDER, | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

Before the Court is a Motion for Leave to Amend his motion for permission to take leave to expand the record filed by *pro se* Petitioner Robert D. Johnson ("Petitioner"); and a supplemental letter in support of his motion.  (Doc. Nos. 13, 14.)  Respondent opposes Plaintiff's Motion to Expand the Record in part.  (Doc. No. 16.)  For the reasons that follow, the Motion for Leave to Amend the Motion Expand the Record is GRANTED, and the Amended Motion to Expand the Record is deemed filed.  The Amended Motion to Expand the Record is GRANTED in part, and DENIED in part, as explained in more detail below.

## I. BACKGROUND

The January 2017 term of the Cuyahoga County Grand Jury issued an indictment charging Johnson with one count of attempted rape in violation of Ohio Revised Code § 2923.02/ 2907.02(A)(2) (Count 1), one count of aggravated burglary in violation of Ohio Revised Code § 2911.11(A)(1) (Count 2), one count of burglary violation of Ohio Revised Code § 2911.12(A)(1) (Count 3), one count of abduction in violation of Ohio Revised Code § 2905.02(A)(2) (Count 4), one count of assault in violation of Ohio Revised Code § 2903.13(A) (Count 5), and one count of criminal damaging or endangering in violation of Ohio Revised Code § 2909.06(A)(1) (Count 6). (Doc. No. 7-1, Ex. 1.)  The case proceeded to trial, and on September 22, 2017, the jury returned a verdict finding Johnson guilty as charged in the indictment. (*Id.*, Ex. 8.)

On September 28, 2017, Johnson, *pro se*, filed a motion for a new trial alleging a conflict of interest with juror number 12. (*Id.*, Ex. 9.)  Johnson also filed a notice with the court requesting a direct appeal and or re-trial based on the alleged speedy trial violation and a conflict of interest with juror number 12. (Exhibit 10.) The State filed a response in opposition. (*Id.*, Ex. 11.) On October 23, 2017, the trial court found no bias with juror number 12 and denied defendant's motion for new trial. (*Id.*, Ex. 12.)  The trial court proceeded to sentencing. The trial court determined that Counts 1 and 4 should merge for sentencing, and that Counts 2 and 3 should merge for sentencing. (*Id.*.)  The State elected to proceed on Counts 1 and 2.  (*Id.*.)  The trial court sentenced Johnson to a total of 12 years in prison: 8 years in prison for Count 1 and 4 years in prison for Count 2.  (*Id.*.)  Johnson received a 180-day jail sentence for Counts 5 and 6.  (*Id.*.)  Johnson also was determined to be a Tier III sex offender. (*Id.*.)

Johnson directly appealed his conviction to both the Eighth District Court of Appeals and the Ohio Supreme Court.  (*Id.*, Ex. 13, 18.)   On September 27, 2018, the Eighth District Court of Appeals issued opinion and judgment entry overruling each assignment of error and affirming the lower court's judgment. (*Id.*, Ex. 17.)  On January 23, 2019, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S. Ct. Prac. R. 7.08(B)(4).  (*Id.*, Ex. 20.)

On October 9, 2018, Johnson also  filed an application to reopen pursuant to Ohio Appellate Rule 26(B) in the Eighth District Court of Appeals, based on allegations of ineffective assistance from his appellate counsel.  (*Id.*, Ex. 21.)  On August 6, 2019, the Eighth District Court of Appeals denied Johnson's application to reopen pursuant to App. R. 26(B).  (*Id.*, Ex. 26.)  On November 12, 2019, the Supreme Court of Ohio declined to accept jurisdiction of this appeal pursuant to S. Ct. Prac. R. 7.08(B)(4). (*Id.*, Ex. 31.)

On December 30, 2019, Petitioner filed for federal habeas relief under 28 U.S.C. § 2254.[1] (Doc. No. 1).  He alleges the following grounds for relief in his petition:

> GROUND ONE: Johnson was denied ineffective assistance of counsel as guaranteed by the sixth and fourteenth amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel omitted his speedy trial issue.
>
> GROUND TWO: Johnson's appellate counsel was ineffective for his failure to assign as error Johnson's conviction for attempted rape was not supported by sufficient evidence.

---

[1]     Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  While the Petition herein did not arrive at the Court for filing until August 18, 2015, Petitioner states that he placed it in the prison mailing system on August 8, 2015.  (Doc. No. 1 at 13).  Thus, the Court will consider the Petition as filed on August 8, 2015.

3

GROUND THREE: The trial court erred in failing to merge Johnson's conviction for attempted rape and aggravated burglary.

GROUND FOUR: The trial court erred in imposing the maximum sentence of eight years on Count One (attempted rape).

(Doc. No. 1 at 5-10.)

On March 2, 2020, Respondent filed a Return of Writ arguing that Johnson's third and fourth grounds for relief had been procedurally defaulted and were not cognizable. Respondent also argued that Johnson's first and second ground for relief were meritless. (Doc. No. 7.) Johnson filed a Traverse. (Doc. No. 8.)

On October 29, 2020, Johnson filed a motion to expand the record. (Doc. No. 9.) Respondent opposed the motion. (Doc. No. 11.) On November 19, 2020, the Court denied Johnson's motion to expand the record, noting he had failed to identify what if any additional materials he sought to add to the record of this case, and explaining the Court could only consider evidence that was considered by the state court. (Doc. No. 12.)

On December 7, 2020, Johnson filed a motion for leave to amend his motion to expand the record. (Doc. No. 13.) On February 17, 2021, Johnson filed a supplemental letter in support of this motion. (Doc. No. 14.) Respondent opposed the motion. (Doc. No. 16.)

## II. DISCUSSION

In his motion for leave to amend his motion to expand the record, Johnson belatedly addresses the issues raised by the Respondent and the Court in relation to his October 29, 2020, motion to expand the record. He identifies four pieces of evidence which he seeks to add to the record of this case:

1. selected portions of the transcript from common pleas court case CR-17-514774;

4

2.      Uber records, attached as exhibit A to his motion;

3.      an affidavit from Johnson; and

4.       a police report, attached as exhibit B to his motion.

(Doc. No. 13 at 2.)  He explains that his failure to include this information in his earlier motion was a result of his ignorance of legal procedure, and seeks to cure that "harmless error" in this amended motion.  (*Id*.)  In his supplemental letter in support of his motion, Johnson explains that the documents which are not part of the trial record support his claims of actual innocence.  (Doc. No. 14 at 1-2.)

Respondent does not oppose Johnson's motion to expand the record with the trial transcripts because those documents are part of the state court record in Johnson's cases.  (Doc. No. 16 at 2.) However, he opposes expansion of the record with the Uber records, affidavit, and police report because Johnson has failed to demonstrate that those documents were ever made a part of the state court record in Johnson's cases.  (*Id*.)

Rule 7 of the Rules Governing Section 2254 Cases provides that "the Court may direct the parties to expand the record by submitting additional materials relating to the petition."  Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (2010).  "The decision of whether to expand the record, however, is within the sound discretion of the district court."  *West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008).  Because "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court," a federal habeas court may only review evidence in the record at the time of the state court proceedings. *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *Black v. Bell*, 664 F.3d 81, 91 (6th Cir. 2011).

This Court recently explained:

> Motions to expand the record under Rule 7 must meet the standards of AEDPA's § 2254(e)(2), although that provision is expressly directed only at evidentiary hearings. *Holland v. Jackson,* 542 U.S. 649, 653 (2004) (per curiam) ("Those same restrictions [of § 2254(e)(2)] apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." (emphasis original)). Section 2254(e)(2) precludes an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings" unless the applicant satisfies certain conditions. 28 U.S.C. § 2254(e)(2).
>
> Under AEDPA, therefore, a prisoner may introduce new evidence in support of a claim in the district court "only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland*, 542 U.S. at 652 53. A prisoner is at fault in failing to develop the evidence if there is a "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). The required diligence is "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id*. at 435. "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437. "[C]omity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent effort. In that circumstance, an evidentiary hearing is not barred by § 2254(e)(2)." *Id*.

*McNeill v. Bagley*, No. 1:02 CV 1645, 2018 WL 3348876, at **8 9 (N.D. Ohio Jul. 9, 2018) (footnote omitted).

Expanding the record for limited purposes, however, falls within the discretion of the district court. *See e.g., Gordon v. Turner*, No. 5:13cv251, 2015 WL 3969689, at *5 (N.D. Ohio June 30, 2015); *Conway v. Houk*, No. 2:07 cv 947, 2011 WL 249491, at *2 (S.D. Ohio Jan. 26, 2011) (limiting inquiry, in resolving a motion to expand the record, to "whether the materials that Petitioner seeks to add to the record would assist the Court in determining whether an evidentiary hearing might be warranted"); *Keenan v. Bagley*, No. 1:01CV2139, 2008 WL 4372688, at *2 (N.D. Ohio Sep. 22, 2008) (granting motion to expand the record for limited purpose of determining

whether the petitioner had exercised diligence in developing the factual record in state court, but "reserv[ing] the right to exclude this evidence from consideration when it reaches the merits of [the petitioner's] claims").

Johnson's motion to expand the record with the trial transcripts is unopposed, and the Court concurs with the parties that the documents are both relevant and part of the state court record in Johnson's cases. However, the parties disagree whether the other evidence should be added to the record in this case. Although it is undisputed that these documents were not part of the state court record, Johnson asserts they should be added to the record as proof of his claim of actual innocence, which would excuse the alleged procedural default of the third and fourth grounds of the habeas petition before this court.

As explained *supra*, the Supreme Court's *Pinholster* decision made clear that habeas review under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record." *Cullen v. Pinholster*, 131 S. Ct. at 1399. However, courts in this circuit have repeatedly held that "*Pinholster* does not by its own terms apply to the actual innocence exception to either procedural default or the statute of limitations," because "[t]he premise of the actual innocence exception is that the habeas petition is presenting new evidence not considered by the state courts." *Clemmons v. Warden*, No. 11-465, 2012 WL 4811122, at *8 (S.D. Ohio Oct. 10, 2012); *see also Pettus-Brown v. Warden*, No. 14-292, 2015 WL 422557, at *1 (S.D. Ohio Feb. 2, 2015) ("A claim of actual innocence offered to excuse procedural default is not a substantive claim for habeas relief but a 'gateway' claim and therefore not subject to the *Pinholster* restrictions."). In order to advance a credible actual innocence gateway claim, a petitioner must support his allegations with "new reliable evidence    whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence   that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Therefore, this Court may consider new evidence for purposes of determining whether Johnson has met the threshold for the *Schlup* actual innocence gateway. *Ogle v. Mohr,* No. 2:15-CV-776, 2017 WL 951489, at *35 (S.D. Ohio Mar. 10, 2017), *report and recommendation adopted*, No. 2:15-CV-776, 2017 WL 2364395 (S.D. Ohio May 31, 2017).

However, the standard for establishing actual innocence is demanding. "To establish actual innocence, a habeas petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The Supreme Court has explained that actual innocence could be established where "another person has credibly confessed to the crime." *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). Actual innocence can be established by "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence   that was not presented at trial." *Schlup*, 513 U.S. at 324. However, the Sixth Circuit made clear that a petitioner's "renewed attacks on trial witness . . . credibility" cannot provide proof of actual innocence. *In Re Byrd*, 269 F.3d 561, 577 (6th Cir. 2001); *citing Clark v. Lewis*, 1 F.3d 814, 824 (9th Cir. 1993) (allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence").

Although Johnson has not explained the link between the evidence he seeks to add to the record here, it appears to be related to his theory that the victim in the underlying criminal case conspired with the responding police officer to frame him for attempted rape, which is set forth in the affidavit Johnson seeks to add to the record. (Doc. No. 13-2.) The Uber records Johnson seeks to add to the record cover multiple dates from January 24 through February 20, 2017. (Doc. No. 13-3 at 1, 3-7.) It is unclear how they relate to the events of February 24, 2017, which led to the

8

criminal charges against Johnson.  The police investigative report Johnson seeks to add to the record details the events of February 24, 2017.  (Doc. No. 13-3 at 2.)   None of these documents provide the types of evidence that can be used to establish a gateway claim of actual innocence under *Schlup* or *Sawyer*.  The Court infers that Johnson believes these documents could be used to attack the credibility of the victim and the responding police officer, but that type of evidence is insufficient to establish a gateway claim of actual innocence, and cannot be considered by the Court in relation to Johnson's substantive habeas grounds because it was not presented to the state court.

For all the foregoing reasons, Johnson's motion to expand the record with the trial transcripts is GRANTED, and Johnson's motion to expand the record with the Uber records, Johnson's affidavit, and the police report is DENIED.

### III. CONCLUSION

The Motion to Expand the Record is granted in part and denied in part.  Specifically, the motion to expand is GRANTED with respect to the portions of the trial transcripts from the state court proceedings, and DENIED with respect to the Uber records, Johnson's affidavit, and the police report, which are not part of the state court record and do not constitute new, reliable evidence sufficient to support a gateway claim of actual innocence.  By no later than Friday, May 14, 2021, Respondent is hereby ordered to supplement the state court record with the trial transcript of *Ohio v. Johnson*, Cuyahoga County Common Pleas Court case no. CR-17-614774.

**IT IS SO ORDERED.**

     *s/Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

Date: April 14, 2021

9