# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT D. JOHNSON,** | ) Case No. 1:20-cv-00018 |
| Petitioner, | ) Judge Dan Aaron Polster |
| v. | ) **OPINION & ORDER** |
| **WARDEN DOUGLAS FENDER,** | ) |
| Respondent. | ) |

Before the Court are Petitioner Robert D. Johnson's pro se Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") (ECF Doc. 1) and the Report and Recommendation (the "R & R") of Magistrate Judge Jonathan D. Greenberg (ECF Doc. 19). For the reasons that follow, the R & R is adopted in full, and the Petition is dismissed in part and denied in part.

## BACKGROUND

Johnson is presently incarcerated at Lake Erie Correctional Institution, where he is serving an aggregate twelve-year sentence for attempted rape, aggravated burglary, burglary, abduction, assault, and criminal damaging or endangering. ECF Doc. 1 at 1; ECF Doc. 7-1, Exs. 1, 8, 12. Johnson received this sentence after he proceeded to trial in the Cuyahoga County Court of Common Pleas on September 22, 2017, and a jury found him guilty on all six counts in the indictment. ECF Doc. 7-1, Ex. 8.

On January 6, 2020, Johnson filed the Petition pursuant to 28 U.S.C. § 2254. *See generally* ECF Doc. 1. In his Petition, Johnson raised four grounds for relief: (1) his appellate counsel was ineffective by failing to argue speedy trial rights were violated; (2) his appellate counsel was ineffective by failing to argue on appeal that the attempted rape conviction was not supported by

legally sufficient evidence; (3) the trial court erred in failing to merge the attempted rape and aggravated burglary convictions; and (4) the trial court erred by imposing the maximum sentence on the attempted rape conviction. *Id.*

On November 29, 2021, after a Writ of Return and a Traverse were filed and after an expansion of the record was authorized, Magistrate Judge Greenberg issued an R & R recommending that the Petition be denied in part and dismissed in part. ECF Docs. 7, 8, 17, 20. Namely, the R & R recommended that Grounds One and Two be denied on the merits and that Grounds Three and Four be dismissed as being both procedurally defaulted and non-cognizable. ECF Doc. 20.

Johnson then sought an extension to file his objections to the R & R, and the Court granted the motion. ECF Doc. 20; ECF Non-Document Entry, Dec. 7, 2021. Johnson filed his objections on December 17, 2021 (ECF Doc. 21), and the Court now reviews both the R & R and the objections.

## **ANALYSIS**

The Federal Magistrate Act requires a district court to conduct a de novo review of those portions of the R & R to which an objection has been made. 28 U.S.C. § 636(b)(1). Specifically,

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

*Id.*[1] A plaintiff waives his right to review of the remaining portions of a report and recommendation to which he did not specifically object. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require

---

[1] With extension authorized by the Court, Johnson timely filed his objections to the R & R.

district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

However, an objection to an R & R is not meant to be a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs. *Roberts v. Warden, Toledo Corr. Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, *7 (S.D. Ohio Jul. 14, 2010) (citation omitted); *see also Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate . . . ."); *O'Brien v. Colvin*, No. CIV.A. 12-6690, 2014 WL 4632222, *3 (E.D. Pa. Sept. 16, 2014) (collecting cases).

Likewise, an objection to an R & R is not the proper mechanism to raise new arguments or theories that were not presented to the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Sanders v. Kelly*, 5:09-CV-01272, 2012 WL 2568186, *9 (N.D. Ohio June 29, 2012) (applying *Murr* in adopting an R & R on a 28 U.S.C. § 2254 petition); *Becker v. Clermont Cnty. Prosecutor*, No. 10-4342, 2011 WL 5061410, *2 (6th Cir. Oct. 25, 2011) ("[T]his request was not made until he filed objections to the magistrate judge's report and recommendation, and need not be considered by this court because it was not first presented to the magistrate judge for consideration.").

Applying the foregoing to Johnson's objections, the Court concludes that Johnson has not provided any articulable basis for rejecting the well-reasoned R & R. The Court has carefully reviewed both the record and the R & R and now adopts Magistrate Judge Greenberg's recommendation that the Petition be denied in part and dismissed in part.

With respect to both Grounds One and Two, Johnson's objections simply rehash the arguments he raised in the Petition, and the Court need not conduct de novo review of these grounds. *See Roberts*, 2010 WL 2794246 at *7. More specifically, for Ground One, Johnson argues that his speedy trial time period was miscalculated, and he cites to portions of the trial transcripts to support his speedy trial computation. ECF Doc. 21 at 29-32. Yet, Magistrate Judge Greenberg thoroughly considered this argument in the R &R by correctly concluding that this Court is bound by the state court's interpretation of its speedy trial statutes and that the *Barker* factors do not support finding that Johnson's federal speedy trial rights were violated. ECF Doc. 19 at 24-28. Likewise, for Ground Two, Johnson repeats his argument that his attempted rape conviction was not supported by legally sufficient evidence because of perceived credibility problems with the witnesses. ECF Doc. 21 at 39-42. But, again, Magistrate Judge Greenberg properly addressed this argument in the R & R by explaining that a federal court may not make credibility determinations and, instead, must defer to the state court's findings. ECF Doc. 19 at 28-30. Accordingly, Johnson's objections for Grounds One and Two are overruled, and the Court adopts the R & R's recommendation that the Petition be denied on the merits for these grounds.

For Grounds Three and Four, Johnson objects to Magistrate Judge Greenberg's conclusion that these grounds are both procedurally defaulted and non-cognizable by arguing that his appellate counsel was ineffective for failing to federalize his merger and sentencing claims. ECF Doc. 21 at 17, 19. Yet, Johnson did not make this argument in his Petition or Traverse, such that the Court need not consider this new theory of relief. *See Sanders*, 2012 WL 2568186 at *9. Therefore, these objections, too, are overruled.[2]

---

[2] Because the Court agrees with Magistrate Judge Greenberg that Grounds Three and Four are procedurally defaulted and non-cognizable, the Court does not reach the merits of those grounds. Still, Johnson included a merits objection for Ground Three, in which he claims that the state appellate court came to the wrong conclusion about how to merge the attempted rape and aggravated burglary convictions. ECF Doc. 21 at 44. The Court thus notes that, even if Ground

Finally, for Grounds Three and Four, Johnson further objects to Magistrate Judge Greenberg's conclusion that these grounds are procedurally defaulted by repeating his argument that he is innocent. ECF Doc. 21 at 18. Yet, Magistrate Judge Greenberg already addressed this argument after properly articulating that a claim of innocence requires reliable proof of factual innocence rather than mere legal insufficiency. ECF Doc. 19 at 14. Johnson's objection does not point to any error in R & R's conclusion, but rather only repeats his conclusory allegations that he is innocent because the elements of attempted rape were not proven beyond a reasonable doubt. ECF Doc. 21 at 18. Accordingly, de novo review of this objection is not necessary, and the Court adopts the R & R's recommendation that Grounds 3 and 4 are procedurally defaulted and non-cognizable and, thus, must be dismissed.

## CONCLUSION

The Court has reviewed the R & R and carefully considered Johnson's objections. For the reasons stated above, Johnson's objections (ECF Doc. 21) are **OVERRULED**, and Magistrate Judge Greenberg's Report and Recommendation (ECF Doc. 19) is **ADOPTED IN FULL**. Additionally, Johnsons' request for a Certificate of Appealability is **DENIED**.

Accordingly, the Petition (ECF Doc. 1) is **DENIED IN PART** and **DISMISSED IN PART**. Specifically, Grounds One and Two are **DENIED** on the merits, and Grounds Three and Four are **DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 22, 2021*
**Dan Aaron Polster**
**Unites States Court Judge**

---

Three was not procedurally defaulted and non-cognizable, the ground would still fail on the merits because the Court must defer to a state court's interpretation of its own statutes. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).